IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLES LEE ONSTEAD
AND ERNESTINE ONSTEAD )
)
    Plaintiffs )
)
v. )     No. 3:18cv-222-DPM
)
JOHNSON & JOHNSON, INC., )
DEPUY SYNTHES PRODUCTS, INC., )
DEPUY SYNTHES SALES, INC., )
And JOHN DOE MANUFACTURERS, )
DISTRIBUTORS, SUCCESSOR OR )
PREDECESSOR COMPANIES, )
SUBSIDIARIES AND PARENT )
ENTITIES )
)
    Defendants. )

## AGREED PROTECTIVE ORDER

\* \* \* \* \*

Plaintiffs, Charles Lee Onstead and Ernestine Onstead, and defendants,

Johnson & Johnson, Inc.,DePuy Synthes Products, Inc., and DePuy Synthes Sales,

Inc., by counsel, pursuant to the provisions of FRCP 26(c)(1)(G), agree to the entry of

this Protective Order, which shall govern certain designated discovery information in

this case:

    1.    For purposes of this Order, "Confidential" information shall mean any

documents, including but not limited to electronically stored information ("ESI"),

tangible things, or deposition testimony that is designated by any party with a CONFIDENTIAL watermark and the following legend:

> CONFIDENTIAL. This document is subject to a Protective Order entered by the United States District Court, Eastern District of Arkansas, No. 3:18cv-222-DPM.

2.     The following procedures shall apply to "Confidential" information subject to this Order and disputes arising from such a designation:

a.     Any party may designate any document, material, other thing, or portions thereof (and the information contained therein) as "Confidential." The party disclosing "Confidential" information shall mark the information at the time of disclosure.

b.     If a party in good faith disagrees with a "Confidential" designation by the other party, the party shall inform counsel for the party that made the "Confidential" designation in writing of the disagreement within 30 days of receipt of such a designation.

c.     Upon written notification that a party disagrees with a "Confidential" designation, counsel will confer in good faith in person in an effort to resolve the dispute without Court intervention.

d.     If the parties cannot resolve the dispute after conferring, the parties shall file a joint report explaining the disagreement under the CM/EMF event "Joint Report of Discovery Dispute" following the procedure for Discovery Disputes set out in the Final Scheduling Order (Docket # 9).

e.     Failure to follow the procedures outlined herein shall constitute a waiver of any rights a party may have regarding a "Confidential" designation.

3.     All "Confidential" information shall be used only for the purposes of this case, including trial and preparation for trial, shall not be used for any other purpose, including other litigation (except as allowed by applicable rules of evidence), and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Order.

a.     Except as otherwise provided herein, "Confidential" information may be disclosed by the receiving party only to:

(1)     the Court and any employee thereof; and

(2)     any expert retained or consulted by a party for the purpose of obtaining such expert's advice or opinion regarding any issue in this litigation, but only to the extent necessary for the expert to provide such advice or opinion and subject to the conditions set forth in paragraph 4(b).

(3)     any other persons as may be qualified to receive "Confidential" information pursuant to a written agreement between the parties, or pursuant to any order of the Court, after notice to all affected parties.

b.     Before disclosing "Confidential" information (other than to the Court), the receiving party shall insure that the intended recipient of such

disclosure has: (1) been provided a copy of this Order; and (2) executed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

c. Any person to whom "Confidential" information is disclosed by the receiving party or by any person who obtains such "Confidential" information from the receiving party shall be bound by the provisions of this Order and is subject to all appropriate sanctions and remedies for any violation hereof.

d. In the event that any documents designated as "Confidential" information are introduced into evidence or used as demonstrative exhibits in the courtroom in the presence of a jury, such documents shall not bear any legend identifying the documents as "Confidential" information that was placed on such document during the litigation. Such legend shall be removed or obscured from documents that will be seen by the jury. Such documents shall continue to be subject to the terms of this Order in accordance with their designation as "Confidential" information.

e. Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing

that material under seal.  The moving party must justify sealing with specifics and solid reasons including an explanation about why redaction cannot be done.

      f.        If a receiving party makes a copy of any "Confidential" information, each copy shall have the watermark and protective legend described in paragraph 1(b).

      g.       Notwithstanding any other provisions of this Order, no "Confidential" information produced pursuant to this Order shall be disclosed to any employee or consultants of any other business entity engaged in the research, development, manufacturing, or distribution of any pharmaceutical, biologic, medical device, or other FDA-regulated product, or to any witness who is employed by such an entity or by any governmental agency.

    4.     No item shall be deemed "Confidential" if it has been made public by the producing party, is generally known throughout the trade and public, or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order.

    5.     All "Confidential" information and copies of "Confidential" information shall be returned and surrendered to the producing party or person upon the conclusion of this case, which shall be construed as 30 days following the entry of a final, non-appealable order disposing of the case.  Alternatively, the party or person in possession of "Confidential" information may destroy all such information and certify that such destruction has taken place.

6. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

7. The person or party in possession of "Confidential" information shall not remove the confidential watermark or confidentiality legend from any material designated as "Confidential" or in any way alter such information. Any such removal or alteration shall be deemed to be an express violation of this order.

8. The parties shall negotiate in good faith prior to making any motion relating to any violation or alleged violation of this Order.

9. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to be an admission or waiver by either party, to be an alternation of the confidentiality or nonconfidentiality of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

By /s/ Paul D. McNeill

Paul D. McNeill
REECE MOORE MCNEILL
PENDERGRAFT
710 Windover Road, Suite B
Jonesboro, Arkansas 72401
pmcneill@rmplaw.com
*Attorneys for Plaintiffs*

By /s/ *W. Kennedy Simpson*

W. Kennedy Simpson
THOMPSON MILLER & SIMPSON
PLC
734 West Main Street, Suite 400
Louisville, KY 40202
(502) 585-9900
ksimpson@tmslawplc.com

And

Jeffrey L. Singleton (98175)
Baxter D. Drennon (2010147)
WRIGHT, LINDSEY & JENNINGS LLP
200 W. Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
jsingleton@wlj.com
bdrennon@wlj.com
*Attorneys for Defendants*

This 2d day of ___April___, 2019.

_____
THE HONORABLE D.P. MARSHALL, JR.
UNITED STATES DISTRICT JUDGE

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

CHARLES LEE ONSTEAD
AND ERNESTINE ONSTEAD )
)
    **Plaintiffs** )
)
v. )    **No. 3:18cv-222-DPM**
)
JOHNSON & JOHNSON, INC., )
DEPUY SYNTHES PRODUCTS, INC., )
DEPUY SYNTHES SALES, INC., )
And JOHN DOE MANUFACTURERS, )
DISTRIBUTORS, SUCCESSOR OR )
PREDECESSOR COMPANIES, )
SUBSIDIARIES AND PARENT )
ENTITIES )
)
    **Defendants.** )

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

\* \* \* \* \*

I, _____, hereby agree to maintain the confidentiality of

any and all documents, electronically stored information, tangible things, or deposition

testimony provided to me that are designated with the following legend:

> CONFIDENTIAL. This document is subject to a Protective
> Order entered by the United States District Court, Eastern
> District of Arkansas, Civil Action No. 3:18-CV-222-DPM.

I understand that I am prohibited from copying, disclosing, or otherwise using

"Confidential" information in any manner with respect to any person other than

8

counsel in the above-captioned matter. I understand that I am prohibited from allowing any person other than counsel of record in this matter to see any "Confidential" information produced to me. I also understand that my execution of this Agreement to Maintain Confidentiality is a prerequisite to my review of any "Confidential" information. In addition, I understand that I am required to return all "Confidential" information to counsel within seven (7) days after I am notified that this action has been concluded as defined by the Protective Order of Confidentiality.

I also hereby agree to be subject to the jurisdiction of the United States District Court, Eastern District of Arkansas for appropriate proceedings in the event of any violation or alleged violation of this Order.

Dated this _____ day of _____, _____.


_____